IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO ANTHONY EDWARDS and SHARON de EDWARDS,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTRYWIDE HOME LOANS, INC., BRIDGELOCK CAPITAL LOAN, ALLIANCE TITLE COMPANY, ESCROW OF THE WEST, BANK OF AMERICA CORPORATION (Successor Company), and DOES 1 through 100, inclusive,<br><br>Defendants. | No. C 09-03340 WHA<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND VACATING HEARING** |

**INTRODUCTION**

This is an action involving a dispute over an IRS lien attached to the property owned by plaintiffs Fernando Anthony Edwards and Sharon de Edwards. Defendants Countrywide Home Loans, Inc., Bank of America Corporation, Bridgelock Capital Loan, and Escrow of the West move to dismiss plaintiffs' complaint on various grounds. Defendant Alliance Title Company did not file a motion to dismiss. For the reasons stated below, defendants' motion is **GRANTED**.

**STATEMENT**

This action arises from a dispute over an IRS lien imposed on property allegedly owned by plaintiffs, located at 715 Castle Rock Road, Walnut Creek, County of Contra Costa. On

August 16, 2009, plaintiffs filed a first amended complaint alleging the following facts which are accepted as true for the purposes of this order.

On or about July 28, 2006, plaintiffs refinanced their $1,519,000 loan on their property with defendant Bridgelock Capital Loan. Defendant Bridgelock Capital Loan promptly recorded a deed of trust against the property to secure the loan. Defendant Bridgelock Capital Loan later assigned the loan to defendant Countrywide Home Loans.

On March 7, 2008, plaintiffs filed a petition for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the Northern District of California. On June 1, 2009, plaintiffs' bankruptcy case was converted to a Chapter 7 proceeding. Plaintiffs' bankruptcy proceeding was assigned a trustee, and their case is still pending.

On July 21, 2009, plaintiffs commenced this action. On August 16, plaintiffs filed a first amended complaint alleging that defendants failed to disclose and subordinate an IRS lien on plaintiffs' property in the amount of $146,974.51 when plaintiffs refinanced their loan. On November 17, defendants, with the exception of Alliance Title Company, filed the instant motion to dismiss.

**ANALYSIS**

**1. LEGAL STANDARD.**

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Business v. Symington*, 51 F.3d 1480, 1484 (9th. Cir. 1995). All material allegations of the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th. Cir. 1996). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (citation omitted).

Although materials outside of the pleadings should not be considered without converting the motion to a motion for summary judgment, a district court may consider all materials

submitted as part of the complaint including its exhibits and documents to which the complaint specifically refers and whose authenticity is not questioned even if they are not physically appended to the complaint. A district court may take judicial notice of its own orders and of records in a case before it as well as other matters of public record that are properly subject to judicial notice. *Hal Roach Studios v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

This order involves a review of documents essential to the claims, documents specifically referred to in the complaint, and matters of public record.

**2. STANDING.**

A motion to dismiss under Rule 12(b)(6) may be granted where the plaintiff lacks standing to bring the lawsuit. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Upon filing a petition for bankruptcy protection, all of the debtor's property becomes vested in the bankruptcy estate. 11 U.S.C. 541(a)(1). Section 541 states:

> (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
>
> (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

Additionally, "the bankruptcy trustee has the exclusive capacity to sue on behalf of the estate." *Estate of Spirtos v. One San Bernardino County Super. Ct. Case Numbered SPR 02211*, 443 F.3d 1172, 1174 (9th Cir. 2006).

Here, plaintiffs filed a petition for Chapter 11 bankruptcy protection on March 7, 2008. On June 1, 2009, plaintiffs' bankruptcy case was converted to a Chapter 7 proceeding, and plaintiffs' bankruptcy proceeding is still pending. Upon filing for bankruptcy, plaintiffs' property, which is at the heart of this lawsuit, was transformed into the property of the bankruptcy estate. Given that the bankruptcy trustee has the exclusive capacity to sue on behalf of the estate, plaintiffs lack standing to assert any of the claims in their first amended complaint.

Plaintiffs' arguments regarding the issue of standing are misplaced. Instead of addressing the issue of standing, plaintiffs address the issue of jurisdiction. Plaintiffs rely on *Hinduja v. Arco*

3

*Products Co.*, 102 F.3d 987 (9th Cir. 1996), and *Sanders v. Brady*, 936 F.2d 212 (5th Cir. 1991), to argue that jurisdiction is proper in federal court. *Hinduja* cites *Sanders* for the proposition that "there is no reason to declare that the mere fact that a bankruptcy decree has issued requires that any and all further proceedings be in the bankruptcy court." *Hinduja*, 102 F.3d at 989. This argument is misplaced because jurisdiction is not the question. The claims brought by plaintiffs are the property of the bankruptcy estate, and the bankruptcy trustee has the exclusive capacity to sue on behalf of the estate.

It is unnecessary for this order to address defendants' other arguments because plaintiffs lack standing.

## CONCLUSION

Defendants' motion to dismiss is hereby **GRANTED**. The hearing scheduled for January 28, 2010 on this motion shall be **VACATED**.

**IT IS SO ORDERED.**

Dated: January 19, 2010

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4